UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
ANTONIO FORGIONE, NESTOR
ALEJANDRO MORENO, JUAN CARLOS
VIGANI and ADRIANA ELSA IPPOLITO,     06 Civ. 15171 (TPG)

Plaintiffs,     **OPINION**

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.
------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/10

Plaintiffs are the beneficial owners of certain bond indebtedness issued by defendant, the Republic of Argentina ("Republic"), on which the Republic defaulted in December 2001. Plaintiffs are suing to recover amounts due to them as a result of the default and have moved for summary judgment. The Republic has no objection to the entry of summary judgment.

The motion is granted.

### FACTS

The bond indebtedness at issue is governed by a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"). The 1994 FAA is the same agreement that governed the bond indebtedness on which this court granted summary judgment to the plaintiffs in Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804, 2003 WL 1878420

(S.D.N.Y. Apr. 14, 2003). Section 22 of the 1994 FAA states that the Republic waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York. The 1994 FAA also provides that the Republic's obligations on the bonds are unconditional and that failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default. A declaration by the Republic of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well. Paragraph 12 of the FAA provides for acceleration of principal if there is a failure to pay interest or a moratorium. If either of these events occurs,

> each holder of Securities and such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately . . . .

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. The court refers to its previous opinions for a description of the circumstances of these defaults. Lightwater, 2003 WL 1878420, at *2; Applestein v. Republic of Argentina, No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003). On June 9 and June 23, 2004, plaintiffs sent notices to the Fiscal Agent of the Republic of Argentina, declaring the principal amounts of the debt securities governed by the 1994 FAA held by plaintiffs to be immediately due and payable.

The bonds that are the subject of this action, and the amounts of beneficial interests owned by plaintiffs, are listed in the following tables.[1]

Table 1.

| Plaintiff Bond Holder or Beneficial Owner: | Antonio Forgione |
|---|---|
| Face Value: | U.S. $1,300,000 |
| ISIN No.: | ISIN: US 040114AN02<br>Common Code: 007022140 |
| Date of Issuance: | Not provided |
| Date of Maturity: | October 9, 2006 |
| Interest Rate / Payable: | 11% |
| Date of Purchase: | Not provided |
| Acceleration: | Not required |
| Contract Documents:<br>(FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | FAA dated October 19, 1994 |
| Evidence of Ownership Proffered:<br>(Account Statements; Letters; Notarized Statements, etc.) | Account statement from BANCA CARIGE dated June 30, 2007 |

---

[1] The court notes the distinction between bonds and beneficial interests. In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." The Republic actually issues "a bond" to a depository. The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully in Million Air Corp. v. Republic of Argentina, No. 04 Civ. 1048, 2005 WL 256126 (S.D.N.Y. Oct. 17, 2005).

Table 2.

| Plaintiff Bond Holder or Beneficial Owner: | Nestor Alejandro Moreno |
|---|---|
| Face Value: | U.S. $234,000 |
| ISIN No.: | ISIN: US 040114AR16<br>Common Code: 7321473 |
| Date of Issuance: | Not provided |
| Date of Maturity: | January 30, 2017 |
| Interest Rate / Payable: | 11.375% |
| Date of Purchase: | Not provided |
| Acceleration: | December 7, 2006 |
| Contract Documents:<br>(FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | FAA dated October 19, 1994 |
| Evidence of Ownership Proffered:<br>(Account Statements; Letters; Notarized Statements, etc.) | Monthly account statement from CAJA DE VALORES S.A. – BANCO PROVINCIA dated June 30, 2007 |

Table 3.

| Plaintiff Bond Holder or Beneficial Owner: | Juan Carlos Vigani and Adriana Elsa Ippolito |
|---|---|
| Face Value: | U.S. $120,000 |
| ISIN No.: | ISIN: US 040114AN02<br>Common Code: 007022140 |
| Date of Issuance: | Not provided |
| Date of Maturity: | October 9, 2006 |
| Interest Rate / Payable: | 11% |
| Date of Purchase: | Not provided |
| Acceleration: | Not required |
| Contract Documents:<br>(FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | FAA dated October 19, 1994 |
| Evidence of Ownership Proffered:<br>(Account Statements; Letters; Notarized Statements, etc.) | Monthly account statement from LLOYDS TSB dated June 30, 2007 and August 3, 2009 |

Table 4.

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | Juan Carlos Vigani and Adriana Elsa Ippolito |
| Face Value: | U.S. $550,000 |
| ISIN No.: | ISIN: US 040114BE93<br>Common Code: 9639713 |
| Date of Issuance: | Not provided |
| Date of Maturity: | April 7, 2009 |
| Interest Rate / Payable: | 11.75% |
| Date of Purchase: | Not provided |
| Acceleration: | December 7, 2006 |
| Contract Documents:<br>(FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | FAA dated October 19, 1994 |
| Evidence of Ownership Proffered:<br>(Account Statements; Letters; Notarized Statements, etc.) | Monthly account statement from LLOYDS TSB dated June 30, 2007 and August 3, 2009 |

DISCUSSION

This court has already granted summary judgment in other cases to plaintiffs seeking to collect on the Republic's defaulted bonds issued under the 1994 FAA. See Mazzini v. Republic of Argentina, No. 03 Civ. 8120, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005). Only certain issues need to be discussed in connection with the present motion.

Standing and Proof of Ownership

In the two opinions in Fontana v. Republic of Argentina, 415 F.3d 238 (2d Cir. 2005), and Applestein v. Province of Buenos Aires, 415 F.3d 242 (2d Cir. 2005), the Second Circuit has held that an owner of a

beneficial interest, such as plaintiffs here, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of authorization where the court makes a finding of current ownership. See Transcript, March 28, 2006, Cilli v. Republic of Argentina (04 Civ. 6594).

Here, plaintiffs have adequately demonstrated through their account statements that they owned their beneficial interests as of the dates set forth in the respective declarations. There is no evidence of any change of ownership thereafter.

## CONCLUSION

The motions for summary judgment are granted. Judgment will be entered for the principal amount of the bonds issued under the 1994 FAA plus accrued interest.

Settle judgment.

Dated: New York, New York
       September 16, 2010

SO ORDERED

*[signature]*

Thomas P. Griesa
U.S.D.J.